Edward David James III
Pro Se Plaintiff
Inmate #154390
Potter County Detention Center
13100 NE 29th Ave
Amarillo, TX 79111



# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

EDWARD DAVID JAMES III,

        Plaintiff

v.

SARAH E. CLARK, individually and in her
capacity as an employee and agent of
Gray Television, Inc.;
GRAY TELEVISION, INC.;
JOHN DOES 1–10,

        Defendants

Civil Action No. 2-25CV-253-Z

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Edward David James III, appearing pro se, respectfully moves under Fed. R. Civ. P. 65(b) for a Temporary Restraining Order to prevent further irreparable harm caused by Defendants' continued publication of false and misleading statements concerning Plaintiff.

### I. RELIEF REQUESTED

Plaintiff seeks a narrowly tailored TRO ordering that:

1. Defendants temporarily remove the November 8–9, 2025 article titled *"Amarillo man who refused to serve prison sentence extradited from New Jersey,"* including the online version and all associated images (including mugshot and graphics).

2. Defendants be temporarily enjoined from republishing the article, its headline, its graphics, or any substantially similar content during the pendency of this action.

3. Defendants publish a temporary notice on the same URL stating: "*This article is currently unavailable pursuant to a federal court order pending litigation concerning its accuracy.*"

4. Upon expiration of the TRO, any reinstated article must include a correction notice accurately reflecting the procedural history and correcting the false statements identified in Plaintiff's complaint.

This TRO lasts only until a preliminary-injunction hearing can be held.

## II. LEGAL STANDARD

A TRO may issue when the movant shows:

1. A substantial likelihood of success on the merits;
2. A substantial threat of irreparable harm;
3. The threatened injury outweighs any harm to the defendant; and
4. The injunction will not disserve the public interest.

*See* Winter v. NRDC, 555 U.S. 7 (2008).

Defamation TROs require special scrutiny because of First Amendment concerns. Plaintiff therefore seeks only temporary removal, no prior restraint on new reporting, and a neutral correction notice, which federal courts have recognized as constitutionally permissible where the requested relief is narrowly tailored, time-limited, and necessary to prevent interference with criminal proceedings.

### III. ARGUMENT

#### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff's complaint identifies several objectively false statements, including:

1. Statements that Plaintiff "refused to serve his sentence which began on Feb 1, 2025. This was a bond surrender, not a mandate from the appeals court. No sentence officially begins pending appeal until the appellate mandate is issued (Tex. R. App. P. 18.1).

2. Statements that Plaintiff was "caught outside of Texas," despite his voluntary surrender in New Jersey with the appellate mandate was issued in July.

3. Statements that he "avoided many attempts" to serve a warrant. Defendants have not identified any such attempts despite being asked to produce proof, as none exists.

4. Misstatements of the appellate timeline and the habeas posture.

5. Defendants distorted the meaning, tone, and context of Plaintiff's website by selectively quoting isolated fragments while omitting core content that explains Plaintiff's PTSD history, trial errors, and pending local habeas corpus challenge. This selective presentation altered the overall gist of the source and created a materially false and defamatory impression.

6. Defendants further created a defamatory implication by quoting a single outdated sentence about past alcohol abuse while deliberately omitting the prominently displayed fact that Plaintiff has maintained five years of sobriety, teaches recovery classes, and founded a rehabilitation nonprofit. This omission fabricated the false impression that Plaintiff was actively abusing alcohol during the 2024–2025 period discussed in the story, which was false, misleading, and damaging to his reputation and safety in custody.

These are actionable under defamation per se and defamation by implication.

These inaccuracies are not technical or immaterial. Plaintiff's state habeas corpus petition is currently pending fact-finding review before the trial judge in Potter County—the same local jurisdiction in which Defendants operate and publish—as a result, the false narrative published by Defendants risks directly prejudicing an active judicial proceeding. The immediacy, local proximity, and tightly interconnected audiences involved here make the danger far greater than in ordinary defamation cases. This easily exceeds the plausibility standard for likelihood of success.

## B. Irreparable Harm Is Immediate and Ongoing

Plaintiff is incarcerated, and the continued publication:

1. Imposes danger by branding him a violent fugitive.
2. Creates prejudice in his locally pending state habeas corpus proceeding.
3. Causes ongoing reputational destruction via Google search dominance.
4. Harms his nonprofit, eliminating future grant eligibility.
5. Intensifies social stigma and public hostility.
6. Cannot be remedied by money alone.

This harm is uniquely acute because Plaintiff's habeas petition is pending in the same small legal community that NewsChannel 10 serves. Local judges, staff, attorneys, and potential witnesses are all exposed to the false portrayal of Plaintiff as a violent fugitive who "refused to serve his sentence." Federal courts have repeatedly held that interference with ongoing criminal or post-conviction proceedings constitutes irreparable harm. Here, that harm is amplified by the geographic and institutional overlap between the pending judicial process and Defendants' media market.

### C. The Harm to Plaintiff Far Outweighs Minimal Burden on Defendants

Removing one article temporarily imposes virtually no hardship on Defendants. In contrast, allowing continued publication causes: loss of safety, constitutional prejudice in habeas review, and reputational devastation. The balance strongly favors Plaintiff.

### D. The Public Interest Supports Narrow, Temporary Relief

The public has an interest in accurate reporting, the integrity of judicial proceedings, and avoiding dissemination of known falsehoods The relief requested does not restrain new reporting. It merely removes one disputed article pending judicial review.

The public also has an interest in ensuring that reporting on an active local habeas corpus proceeding is accurate, non-inflammatory, and free of misleading implications—especially where the same news outlet serves the very community whose courts are fact-finding the pending writ.

### E. Defendants' Lack of Due Diligence Demonstrates Reckless Disregard

Defendants assigned this high-stakes court story to a reporter who, according to her publicly available résumé, had been in her role as "Investigative Producer for Crime & Courts" for only three months before publishing this article, and whose prior professional background consisted almost entirely of marketing and lifestyle digital content—not legal reporting, court procedure, or criminal justice analysis. While inexperience alone does not establish malice, the failure to provide adequate editorial or legal oversight for a complex, procedurally sensitive courts story strongly reinforces the pattern of reckless disregard for accuracy displayed throughout Defendants' reporting.

## IV. CERTIFICATION OF NOTICE (Rule 65(b)(1)(B))

Plaintiff certifies that on Nov. 10, 11, and 12, 2025, written notice was provided to Defendants via email identifying the false statements and requesting correction. Defendants responded but declined to issue any correction or retraction. The exhibits show Defendants were placed on notice and refused to correct the falsehoods.

## V. REQUEST FOR RELIEF

For the reasons stated, Plaintiff respectfully requests that this Court issue a Temporary Restraining Order ordering immediate:

1. Removal of the article;
2. Prohibition on republishing;
3. Temporary notice on the article's URL;
4. Mandatory correction notice upon reinstatement.

Date: 11·23·2025

Respectfully submitted,

Edward David James III
Pro Se Plaintiff
Inmate #154390
Potter County Detention Center
13100 NE 29th Ave
Amarillo, TX 79111

## DECLARATION OF EDWARD DAVID JAMES II

I, **Edward David James III**, declare:

1. I am the Plaintiff in this case. I make this declaration based on my own personal knowledge.
2. I am currently incarcerated as Inmate No.154390 in the Potter County Detention Center.
3. The article published by KFDA NewsChannel 10 falsely states that I "refused to serve my sentence," that I was "caught outside of Texas," and that I "avoided many attempts" by law enforcement. These statements are not true.
4. I surrendered voluntarily in Ocean County, New Jersey after the appellate mandate issued, which legally began my sentence. No officer ever attempted to serve me before that date.
5. The article makes me appear as a violent fugitive, which causes me danger inside this jail. My name is associated with "escaping," which is extremely dangerous for someone in custody.
6. The article appears first on Google when someone searches my name. My nonprofit, my recovery work, and my five years of sobriety are overshadowed by this headline.
7. I currently have a habeas corpus petition pending fact-finding review by the trial judge in our local Potter County court. The publication of this false narrative harms my ability to receive a fair and impartial review.
8. Defendants were notified in writing that their statements were false. My wife and supporters emailed them multiple times and included documents. They refused to correct anything.

9. Every day this article remains online, I suffer new harm that cannot be undone later with money.

I declare under penalty of perjury that the foregoing is true and correct.

Date: __11·23·2025__, at Amarillo, Texas.

Edward David James III