# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **EDWARD DAVID JAMES III,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 2:25-CV-00253-Z** |
| | § | |
| **SARAH E. CLARK, GRAY** | § | |
| **TELEVISION, INC.,** | § | |
| **JOHN DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |

## THE GRAY DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iv

I.      INTRODUCTION ..................................................................................................... 1

II.     SUMMARY OF ARGUMENT ................................................................................ 2

III.    FACTUAL BACKGROUND ................................................................................... 3

        A.      Plaintiff is found guilty of assault and sentenced to five years in prison. ............. 3

        B.      Plaintiff is ordered back to Texas to serve his sentence, but he refuses to
                go.................................................................................................................... 3

        C.      Plaintiff surrenders to police in New Jersey and is extradited to Texas. ............... 4

        D.      The Gray Defendants report on Plaintiff's criminal proceedings. ......................... 4

        E.      Plaintiff is indicted for bail jumping and failure to appear on November
                14, 2025........................................................................................................... 5

        F.      Plaintiff sues the Gray Defendants for their accurate and privileged
                reporting on his criminal proceedings................................................................. 6

IV.     LEGAL STANDARD ............................................................................................... 6

V.      ARGUMENT ............................................................................................................ 7

        A.      Plaintiff fails to state a plausible defamation *per se* claim. ............................... 7

                1.      Plaintiff fails to plausibly allege that the Statements are false. ................. 7

                2.      The Statements are privileged as a matter of law. ................................... 10

                        a.      The Statements are protected by the fair report privilege........... 10

                        b.      The Statements are protected by the fair comment
                                privilege. ................................................................................. 12

                3.      The Statements are protected as accurate reports of third-party
                        allegations. ............................................................................................. 13

                4.      Plaintiff fails to plausibly plead fault...................................................... 13

                        a.      Plaintiff is a limited-purpose public figure and does not
                                plausibly allege actual malice. ................................................. 13

                        b.      In the alternative, Plaintiff does not plausibly allege
                                negligence. ............................................................................... 15

                5.      Plaintiff fails to adequately plead damages. ........................................... 16

        B.      Plaintiff fails to state a plausible defamation by implication claim for the
                same and other reasons. ................................................................................... 17

        C.      Plaintiff fails to state plausible claims for negligence and IIED. ........................ 18

1.     Plaintiff's "tag-along" claims for negligence and IIED should be
           dismissed............................................................................................ 18

2.     Plaintiff fails to plausibly allege the elements of a negligence
           claim................................................................................................. 20

       a.     Plaintiff fails to plausibly allege a legal duty owed to him
                  by the Gray Defendants. .......................................................... 21

       b.     Plaintiff fails to plausibly allege a breach of a duty by the
                  Gray Defendants. ...................................................................... 22

       c.     Plaintiff fails to plausibly allege that he suffered damages
                  proximately caused by a breach by the Gray Defendants............ 22

3.     Plaintiff fails to plausibly allege the elements of an IIED claim. ............ 22

       a.     Plaintiff does not plausibly allege that the Gray Defendants
                  acted intentionally or recklessly.................................................. 23

       b.     Plaintiff does not plausibly allege that the Gray Defendants
                  engaged in "extreme and outrageous" conduct............................ 23

       c.     Plaintiff does not plausibly allege that the Gray Defendants
                  caused any emotional distress. .................................................... 24

       d.     Plaintiff does not plausibly allege that he experienced
                  severe emotional distress. .......................................................... 24

VI.    CONCLUSION.................................................................................................... 25

CERTIFICATE OF SERVICE ...................................................................................... 26

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Adams v. Starside Custom Builders, LLC,*
   547 S.W.3d 890 (Tex. 2018) ................................................................12

*Allen v. Walmart Stores, L.L.C.,*
   907 F.3d 170 (5th Cir. 2018) ..............................................................20

*Anderson v. Durant,*
   550 S.W.3d 605 (Tex. 2018) ............................................................2, 16

*AOL, Inc. v. Malouf,*
   No. 05-13-01637-CV, 2015 WL 1535669 (Tex. App.—Dallas Apr. 2, 2015,
   no pet.) ...........................................................................................11

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................6, 7, 22

*Bird v. W.C.W.,*
   868 S.W.2d 767 (Tex. 1994) ...............................................................19

*Blanche v. First Nationwide Mortg. Corp.,*
   74 S.W.3d 444 (Tex. App.—Dallas 2002, no pet.) ..................................24

*Bostic v. Daily Dot, LLC,*
   No. 1:22-CV-158, 2023 WL 2317789 (W.D. Tex. Mar. 1, 2023) ..............13

*Boudreaux v. Swift Transp. Co., Inc.,*
   402 F.3d 536 (5th Cir. 2005) ..............................................................22

*Brewer v. Capital Cities/ABC, Inc.,*
   986 S.W.2d 636 (Tex. App.—Fort Worth 1998, no pet.) .........................12

*Carpenter v. King,*
   792 F. Supp. 2d 29 (D.D.C. 2011), *aff'd*, 473 Fed. Appx. 4 (D.C. Cir. 2012) .......16

*Charalambopoulos v. Grammer,*
   No. 3:14-CV-2424, 2015 WL 390664 (N.D. Tex. Jan. 29, 2015) ............21

*City of Dallas v. Ahrens,*
   No. 10-19-00137-CV, 2022 WL 554350 (Tex. App.—Waco Feb. 23, 2022, no
   pet.) ................................................................................................7

*Cox Broad. Corp. v. Cohn,*
   420 U.S. 469 (1975) .....................................................................10, 12

*Cox Texas Newspapers, L.P. v. Wootten,*
   59 S.W.3d 717 (Tex. App.—Austin 2001, pet. denied) ...........................23

*Creditwatch, Inc. v. Jackson,*
   157 S.W.3d 814 (Tex. 2005) ......................................................19, 22, 23

*Dallas Morning News, Inc. v. Hall,*
   579 S.W.3d 370 (Tex. 2019) ....................................................2, 10, 11, 13

*Dallas Morning News, Inc. v. Tatum*,
   554 S.W.3d 614 (Tex. 2018).................................................................17, 18

*Elephant Ins. Co., LLC v. Kenyon*,
   644 S.W.3d 137 (Tex. 2022).......................................................................21

*Farias v. Garza*,
   426 S.W.3d 808 (Tex. App.—San Antonio 2014, pet. denied) ..............15

*Foster v. Laredo Newspapers, Inc.*,
   541 S.W.2d 809 (Tex. 1976)......................................................................15

*Freedom Commc'ns, Inc. v. Sotelo*,
   No. 11-05-00336-CV, 2006 WL 1644602 (Tex. App.—Eastland June 15,
   2006, no pet.) ............................................................................................12

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974)...................................................................13, 14, 15

*Goss v. Houston Cmty. Newspapers*,
   252 S.W.3d 652 (Tex. App.—Houston [14th Dist.] 2008, no pet.).........10

*In re Great Lakes Dredge & Dock Co. LLC*,
   624 F.3d 201 (5th Cir. 2010) .....................................................................21

*Greater Houston Transp. Co. v. Phillips*,
   801 S.W.2d 523 (Tex. 1990)......................................................................21

*Green v. CBS Inc.*,
   286 F.3d 281 (5th Cir. 2002) .....................................................................18

*Hancock v. Variyam*,
   400 S.W.3d 59 (Tex. 2013)..................................................................14, 16

*Hill v. Optum*,
   No. 3:17-CV-0775, 2017 WL 2378299 (N.D. Tex. June 1, 2017) ........5, 16

*Hoffmann-La Roche Inc. v. Zeltwanger*,
   144 S.W.3d 438 (Tex. 2004)..........................................................22, 23, 24

*Hogan v. Hearst Corp.*,
   945 S.W.2d 246 (Tex. App.—San Antonio 1997, no writ) ......................23

*James v. State*,
   No. 07-24-00049-CR, 2025 WL 338308 (Tex. App.—Amarillo Jan. 29, 2025,
   pet. ref'd)...................................................................................................3, 8

*KBMT Operating Co., LLC v. Toledo*,
   492 S.W.3d 710 (Tex. 2016)......................................................................13

*Langston v. Eagle Printing Co.*,
   797 S.W.2d 66 (Tex. App.—Waco 1990, no writ) ...................................10

*Lavergne v. Dateline NBC*,
   597 Fed. Appx. 760 (5th Cir. 2015).........................................................17

*In re Lipsky*,
   460 S.W.3d 579 (Tex. 2015)............................................................................16, 17

*Lomas Bank USA v. Flatow*,
   880 S.W.2d 52 (Tex. App.—San Antonio 1994, writ denied)................................20

*Maxwell v. Henry*,
   815 F. Supp. 213 (S.D. Tex. 1993) ................................................................11, 12

*McIlvain v. Jacobs*,
   794 S.W.2d 14 (Tex. 1990)......................................................................................11

*Miller v. Transamerican Press, Inc.*,
   621 F.2d 721 (5th Cir. 1980) ..................................................................................14

*NEC Networks, LLC v. Gilmartin*,
   No. 04-23-00109-CV, 2023 WL 8246671 (Tex. App.—San Antonio Nov. 29,
   2023, pet. denied)......................................................................................................24

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964)..................................................................................................14

*Nunes v. Lizza*,
   486 F. Supp. 3d 1267 (N.D. Iowa 2020)..................................................................18

*Oliphint v. Richards*,
   167 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) .................21

*Parker v. Spotify USA, Inc.*,
   569 F. Supp. 3d 519 (W.D. Tex. 2021).......................................................................8

*Perez v. U.S. Xpress, Inc.*,
   No. 23-50146, 2023 WL 6393899 (5th Cir. Oct. 2, 2023) ......................................22

*Philadelphia Newspapers, Inc. v. Hepps*,
   475 U.S. 767 (1986)....................................................................................................7

*Phoneternet, L.L.C. v. LexisNexis Risk Sols., Inc.*,
   816 Fed. Appx. 909 (5th Cir. 2020)........................................................................21

*Polk Cnty. Publ'g Co. v. Coleman*,
   685 S.W.3d 71 (Tex. 2024)...............................................................................8, 9, 10

*Provencio v. Paradigm*,
   44 S.W.3d 677 (Tex. App.—El Paso 2001, no pet.)................................................19

*Pruitt v. Jourdanton Hosp. Corp.*,
   No. 5:14-CV-808, 2015 WL 402853 (W.D. Tex. Jan. 29, 2015) ...........................15

*Rios v. City of Del Rio, Tex.*,
   444 F.3d 417 (5th Cir. 2006) .....................................................................................7

*Rogers v. Dallas Morning News, Inc.*,
   889 S.W.2d 467 (Tex. App.—Dallas 1994, writ denied) ........................................20

*Seidenstein v. Nat'l Med. Enterprises, Inc.*,
   769 F.2d 1100 (5th Cir. 1985) .................................................................................14

*Snyder v. Phelps*,
    562 U.S. 443 (2011)........................................................................................20

*Standard Fruit & Veg. Co. v. Johnson*,
    985 S.W.2d 62 (Tex. 1998)...........................................................................23

*Stukes v. Nehls*,
    614 Fed. Appx. 792 (5th Cir. 2015), *as revised* (Sept. 2, 2015)....................5

*Swate v. Schiffers*,
    975 S.W.2d 70 (Tex. App.—San Antonio 1998, pet. denied)........................17

*Tacon Mech. Contractors, Inc. v. Aetna Cas. & Sur. Co.*,
    65 F.3d 486 (5th Cir. 1995) ..........................................................................19

*Texas Beef Grp. v. Winfrey*,
    11 F. Supp. 2d 858 (N.D. Tex. 1998), *aff'd*, 201 F.3d 680 (5th Cir. 2000) .......18, 19

*Tomdra Investments, L.L.C. v. CoStar Realty Info., Inc.*,
    735 F. Supp. 2d 528 (N.D. Tex. 2010) .........................................................21

*Villarreal v. Wells Fargo Bank, N.A.*,
    814 F.3d 763 (5th Cir. 2016) ...........................................................................4

*Walker v. Beaumont Indep. Sch. Dist.*,
    938 F.3d 724 (5th Cir. 2019) ........................................................2, 7, 12, 15

*WFAA-TV, Inc. v. McLemore*,
    978 S.W.2d 568 (Tex. 1998)..........................................................................14

*Williamson v. New Times, Inc.*,
    980 S.W.2d 706 (Tex. App.—Fort Worth 1998, no pet.).................................19

*Wortham v. Dow Chem. Co.*,
    179 S.W.3d 189 (Tex. App.—Houston [14th Dist.] 2005, no pet.)..................20

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 73.002 ........................................................10, 11, 12

TEX. CIV. PRAC. & REM. CODE § 73.005 ...................................................................2, 7

Tex. Penal Code § 38.10(f)................................................................................5, 9

Tex. Penal Code § 38.112(b)................................................................................9

**Other Authorities**

https://standwithedwardjames.com/......................................................................14

Defendants Gray Local Media, Inc. ("Gray")[1] and Sarah E. Clark ("Clark") (collectively, the "Gray Defendants") file this Motion to Dismiss the Complaint for Failure to State a Claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and Memorandum in Support.

## I.    INTRODUCTION

Plaintiff Edward David James III ("Plaintiff") brings this defamation action against the Gray Defendants in response to their truthful and privileged reporting on his criminal proceedings, which are matters of clear public concern. Plaintiff's claims arise from an online news article about his extradition from New Jersey after being found guilty of assault in Texas. *See* Sarah Clark, "*Amarillo man who refused to serve prison sentence extradited from New Jersey*," KFDA-TV, November 8, 2025 (the "Article"). Dkt. 3-1 at p. 2-5. The Gray Defendants reported that Plaintiff remained in New Jersey after his conviction, even though a warrant was issued for his arrest in Texas and he had unsuccessfully appealed his assault conviction. Plaintiff currently faces felony criminal charges for bail jumping, failure to appear, and tampering with an electronic monitoring device. *See State of Texas v. Edward David James III,* Case Nos. 88352-D-CR and 88433-D-CR in the 320th District Court of Potter County.

Plaintiff concedes, and court records show, the truth of the statements at issue—that the Court of Appeals affirmed the jury's conviction, and Plaintiff refused to return to Texas to begin serving his sentence. Still, however, because the Article did not present the facts in the manner in which Plaintiff would have liked, he has chosen to file this punitive and meritless defamation claim against KFDA and its reporter. Plaintiff compounds his misuse of the courts by adding non-actionable ancillary claims for negligence and intentional infliction of emotional distress based on

---

[1] Although Plaintiff names "Gray Television, Inc." as a defendant, the Complaint is construed as asserting claims against Gray Local Media, Inc., which owns KFDA-TV.

THE GRAY DEFENDANTS' MOTION TO DISMISS

the same privileged reporting. Plaintiff's attempt to thwart the Gray Defendants' editorial control and re-write the Article in favor of more complimentary reporting should be swiftly dismissed.

## II.    SUMMARY OF ARGUMENT

The Complaint should be dismissed under FRCP 12(b)(6) because Plaintiff fails to plausibly allege facts supporting the elements of any claim. Plaintiff fails to state a claim for defamation because the statements at issue—that Plaintiff "refused to serve his prison sentence" and the Court of Appeals "upheld his guilty conviction" (the "Statements")—are (1) substantially true, (2) privileged under the fair report and fair comment privileges, (3) protected as accurate reports of third-party allegations, (4) not made with fault, and (5) did not cause reputational harm.

*First*, Plaintiff does not sufficiently allege that the Statements are false. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 (5th Cir. 2019). Plaintiff admits that he stayed in New Jersey after Texas issued a warrant for his arrest and that he did not turn himself in until July 25, 2025, almost six months *after* his guilty conviction had been upheld. Moreover, Plaintiff has been charged with the same conduct he alleges is false—bail jumping and failure to appear. *Second*, the Statements are privileged as a matter of law because the Gray Defendants' fair and impartial reporting on Plaintiff's criminal proceedings, which are undoubtedly a matter of public concern, is protected by the fair report and fair comment privileges. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 381 (Tex. 2019). *Third*, the Statements are protected as accurate accounts of third-party allegations about a matter of public concern. TEX. CIV. PRAC. & REM. CODE ("CPRC") § 73.005(b). *Fourth*, Plaintiff fails to assert non-conclusory allegations that the statements were made with fault. *Walker*, 938 F.3d at 745. *Fifth*, Plaintiff has not adequately alleged damages to sustain a defamation claim or pursue actual or punitive damages. *Anderson v. Durant*, 550 S.W.3d 605, 621 (Tex. 2018) ("[E]vidence of loss of reputation should be more than

THE GRAY DEFENDANTS' MOTION TO DISMISS

theoretical.").

Plaintiff fails to state claims for negligence and IIED because they are "tag-along" claims based on the same conduct as the failed defamation claim. Moreover, Plaintiff does not plausibly allege that the Gray Defendants owe him a legal duty, breached any duty, or caused any damages. Nor does Plaintiff plausibly allege that the Gray Defendants acted intentionally or recklessly, engaged in extreme and outrageous conduct, or caused severe emotional distress.

### III.     FACTUAL BACKGROUND

**A.     <u>Plaintiff is found guilty of assault and sentenced to five years in prison.</u>**

On June 30, 2020, Plaintiff was arrested for the assault of his ex-girlfriend and charged with "assault with impeding breath." Dkt. 3-1 at 8. Plaintiff spent three days in jail. Dkt. 3-1 at 9. Plaintiff's ex-girlfriend told police that Plaintiff punched her several times in the face. Dkt. 3-1 at 2. Three months later, Plaintiff was booked into Potter County jail and released on a $10,000 bond. *Id*. While out on bond, Plaintiff moved to New Jersey to pursue a romantic relationship with his former seventh grade teacher. *Id*.

In January 2024, Plaintiff returned to Amarillo for trial, and a jury found him guilty of assault and sentenced him to five years in prison. *Id*. Plaintiff appealed his conviction and returned to New Jersey. *Id*. As part of his bond conditions, he was ordered to wear an ankle monitor with GPS tracking. *Id*.

**B.     <u>Plaintiff is ordered back to Texas to serve his sentence, but he refuses to go.</u>**

On January 29, 2025, the Seventh Court of Appeals issued a Judgment and Memorandum Opinion affirming his guilty conviction.[2] Dkt. 3-1 at p. 10, 12; *James v. State*, No. 07-24-00049-

---

[2] A true and correct copy of the Memorandum Opinion is attached to this Motion as Tab A, APPX. 001-013. The Gray Defendants request that the Court incorporate by reference and take judicial notice of the Memorandum Opinion because it is referred to in the Complaint, central to Plaintiff's

<u>THE GRAY DEFENDANTS' MOTION TO DISMISS</u>

CR, 2025 WL 338308 (Tex. App.—Amarillo Jan. 29, 2025, pet. ref'd). After Plaintiff lost his appeal, he stopped checking in with his bondsman. Dkt. 3-1 at p. 10. On February 3, 2025, the trial court issued a warrant for Plaintiff's arrest. Dkt. 3-1 at 12.[3] On July 9, 2025, the Seventh Court of Appeals issued its mandate. Dkt. 3-1 at p. 10, 12. After Plaintiff's appeals failed, Texas ordered him back from NJ to serve his 5-year prison sentence. *Id*. Rather than comply, Plaintiff proclaimed he "had to stand and continue to fight in New Jersey." Dkt. 3-1 at p. 10.

**C.**    **Plaintiff surrenders to police in New Jersey and is extradited to Texas.**

On July 24, 2025, Plaintiff turned himself in on an outstanding warrant, and Plaintiff was taken into custody in New Jersey, according to an Arrest Report. *See* Dkt. 3-1 at p. 13. Plaintiff remained in custody in New Jersey until he was extradited to Texas on November 2, 2025 and booked into the Potter County Detention Center two days later. Dkt. 3-1 at p. 5.

**D.**    **The Gray Defendants report on Plaintiff's criminal proceedings.**

On November 8, 2025, the Gray Defendants published an article on its website, newschannel10.com, entitled, "*Amarillo man who refused to serve prison sentence extradited from New Jersey*" ("Article"). Dkt. 3 at p. 3 ¶ A.1.; Dkt. 3-1 at p. 2. In the Article, the Gray Defendants, relying on records from Plaintiff's legal proceedings and Plaintiff's website, www.standwithedwardjames.com, describe the events leading up to Plaintiff's extradition from New Jersey to Texas in his own words. *Id*. The Article explains that Plaintiff was told to return to Texas to begin serving his sentence, but that according to Plaintiff's website, "he decided he could not buy a ticket and put himself on a plane to go back to Texas." Dkt. 3-1 at p. 4. The Article states

---

claims, and its authenticity is not questioned. *See Villarreal v. Wells Fargo Bank, N.A*., 814 F.3d 763, 766 (5th Cir. 2016) (courts may consider "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim").
[3] *See also* Dkt. 3-1 at p. 10 ("there was a bond surrender warrant issued on February 3, 2025").

THE GRAY DEFENDANTS' MOTION TO DISMISS

4

that Plaintiff "remained in New Jersey and avoided many attempts by law enforcement to serve

the arrest warrant." *Id*. The Article then states that "after 5 months as a fugitive, he turned himself

in to the Ocean County police in July 2025." *Id*. The Article includes Plaintiff's responses to the

allegations made against him and a link to his website. Dkt. 3-1 at p. 3-5.[4]

E.    **Plaintiff is indicted for bail jumping and failure to appear on November 14, 2025.**

On November 14, 2025, the State of Texas filed a grand jury indictment issued against

Plaintiff for intentionally or knowingly failing to appear in accordance with the terms of his

release.[5]  *State of Texas v. Edward David James III*, Case No. 88352-D-CR in the 320th District

Court of Potter County. Plaintiff has been charged with bail jumping and failure to appear, which

is a third degree felony under Tex. Penal Code § 38.10(f).[6] Plaintiff has also been charged with

tampering with an electronic monitoring device, which is a state jail felony under Tex. Penal Code

§ 38.112(b).[7]  *State of Texas v. Edward David James III*, Case No. 88433-D-CR in the 320th

District Court of Potter County. A Report from the Potter County Sheriff's Office on January 7,

---

[4] Although Plaintiff references KFDA-TV's November 9, 2025 broadcast about Plaintiff's criminal proceedings, he fails to assert any of the statements therein are defamatory; and, thus, any claims purporting to arise from the broadcast fail as a matter of law. *See Stukes v. Nehls*, 614 Fed. Appx. 792, 794 (5th Cir. 2015), *as revised* (Sept. 2, 2015) (affirming dismissal of defamation claim because the complaint "fails to identify any specific defamatory statements allegedly made"); *Hill v. Optum*, No. 3:17-CV-0775, 2017 WL 2378299, at *3 (N.D. Tex. June 1, 2017) (to plausibly allege a defamation claim, a plaintiff "must give the specific nature of what was said, along with the substance of the false statement such that a court may examine its connotation") (internal quotations omitted).
[5] A true and correct copy of the Indictment is attached as Tab B, APPX. 014-015, and incorporated by reference. *See* n. 2 *supra.*
[6] A true and correct copy of the court docket for Case No. 88352-D-CR is attached as Tab C, APPX. 016-018, and incorporated by reference. *See* n. 2 *supra.*
[7] A true and correct copy of the court docket for Case No. 88433-D-CR is attached as Tab D, APPX. 019-021, and incorporated by reference. *See* n. 2 *supra.*

THE GRAY DEFENDANTS' MOTION TO DISMISS

2026 shows that Plaintiff is currently booked pending disposition on charges of bail jumping and failure to appear and tampering with an electronic monitoring device.[8]

## F. Plaintiff sues the Gray Defendants for their accurate and privileged reporting on his criminal proceedings.

On November 24, 2025, Plaintiff filed a Complaint against the Gray Defendants alleging that the Article harmed his reputation. Plaintiff alleges generally that the Article falsely states that he "refused to serve his prison sentence"("Statement 1"). Plaintiff alleges that the Article states or implies variations of Statement 1—that he fled Texas, was "caught outside of Texas," "avoided many attempts by law enforcement to serve the arrest warrant," was a "fugitive," and "was told to return to Texas by Feb. 1 to begin serving his sentence." Dkt. 3 at p. 3 ¶ A.1, p. 11 ¶¶ 1-2, p. 12 ¶ 1. Plaintiff also alleges that the Article falsely states that the Court of Appeals "upheld his guilty conviction" ("Statement 2") (collectively, the "Statements"). Dkt. 3 at p. 11 ¶ 2. Although the Gray Defendants provide Plaintiff's responses to the allegations and a link to his website in the Article, Plaintiff complains that the Gray Defendants do not highlight enough of his accomplishments and seeks post hoc editorial control over the Article. Dkt. 3 at pp. 5-7. While Plaintiff may argue that he is innocent of the underlying assault for which he has been convicted (and had his conviction upheld), Plaintiff does not contest the truth of his assault conviction or many other statements in the Article.[9]

## IV.    LEGAL STANDARD

Under FRCP 12(b)(6), a complaint must be dismissed unless a plaintiff alleges sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[8] A true and correct copy of the "Report of Prisoners with their Offenses," which shows the charges on page 47, is attached as Tab E, APPX. 022-122, and incorporated by reference. *See* n. 2 *supra.*
[9] Plaintiff does not specifically identify any statements in the broadcast that are defamatory or include a transcript or otherwise provide the text of the broadcast. *See* n. 4 *supra.*

THE GRAY DEFENDANTS' MOTION TO DISMISS

6

(2007). A plaintiff must plead more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Id*. at 555. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

## V.    ARGUMENT

### A.    Plaintiff fails to state a plausible defamation *per se* claim.

Plaintiff's defamation claim should be dismissed for a myriad of reasons, any one of which is dispositive.

#### 1.    Plaintiff fails to plausibly allege that the Statements are false.

Because the Statements are made by media defendants regarding a matter of public concern (criminal proceedings),[10] Plaintiff must—but cannot—plausibly allege that the Statements are materially false. *Walker*, 938 F.3d at 743; *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986) (a "plaintiff bear[s] the burden of showing falsity"). Under the substantial truth doctrine, a plaintiff is precluded from recovery when a publication "correctly conveys a story's 'gist' or 'sting' although erring in the details." *Walker*, 938 F.3d at 743; CPRC § 73.005(a) ("The truth of the statement in the publication on which an action for libel is based is a defense to the action."). In other words, a statement need not be perfectly true—if it is substantially true, it is not false. *Walker*, 938 F.3d at 743. The "gist" or "sting" of an article is determined by examining how a person of ordinary intelligence would view it. *Id*. Statements are substantially true if, considered within the context of the article, it is no more damaging to the plaintiff's reputation than a truthful

---

[10] *See City of Dallas v. Ahrens*, No. 10-19-00137-CV, 2022 WL 554350, at *6 (Tex. App.—Waco Feb. 23, 2022, no pet.) ("[T]he United States Supreme Court and other courts have held that matters relating to the reporting of crimes and related proceedings . . . are matters of public concern.") (collecting cases).

THE GRAY DEFENDANTS' MOTION TO DISMISS

statement would have been. *Id*.

Although Plaintiff quibbles with the characterization of him as a "fugitive" and claims he did not "avoid[] many attempts by law enforcement to serve the arrest warrant," and was not "told to return to Texas by Feb. 1 to begin serving his sentence" (Dkt. 3 at p. 11-13), Plaintiff does not plausibly allege that the "gist" of those statements—that Plaintiff "refused to serve his prison sentence" (Statement 1)—is materially false. Indeed, on his website, he bragged about "stand[ing] and continu[ing] to fight in New Jersey." Dkt. 3-1 at p.10. Plaintiff also does not plausibly allege that Statement 2—that the Court of Court of Appeals "upheld his guilty conviction"—is materially false. Further, the uncontroverted record from the Court of Appeals belies any such interpretation. *James v. State*, No. 07-24-00049-CR, 2025 WL 338308 (Tex. App.—Amarillo Jan. 29, 2025, pet. ref'd).

Rather, the Statements are substantially true based on Plaintiff's admissions and public records incorporated by reference in the Complaint, and thus, the defamation claim should be dismissed. *See Polk Cnty. Publ'g Co. v. Coleman*, 685 S.W.3d 71, 79 (Tex. 2024) (dismissing defamation claim because the statement at issue was substantially true); *Parker v. Spotify USA, Inc.*, 569 F. Supp. 3d 519, 528 (W.D. Tex. 2021) (dismissing defamation claim because the statements were substantially true).

As for Statement 1—that Plaintiff "refused to serve his prison sentence"—Plaintiff admits that he "stopped checking in with his bondsman" (Dkt. 3-1 at p. 10), that Texas "ordered him back from NJ to serve his 5-year prison sentence" and "had put out a warrant for him," but that he "decided he could not buy a ticket and put himself on a plane to go back to Texas" and "had to stand and continue to fight" in New Jersey, as shown below. Dkt. 3-1 at p. 10.

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

Thank you for being here as we work to get Edward freed with a Petition for Habeas Corpus (look up TX 11.07). As you may have read on here, after sentencing, the judge released him on bond pending appeal in Feb of 2024 and allowed him to live back in New Jersey. He continued his life as before, leading sobriety classes through the nonprofit he created called Phoenix Reformation, attending college to become a chaplain, and connecting with his Men's Bible Study group at our local church. His appeals were lost and Texas ordered him back from NJ to serve his 5-year prison sentence. Texas had put out a warrant for him. Edward prayed constantly about what to do. He decided he could not buy a ticket and put himself on a plane to go back to Texas knowing how wrong this all was. He had to stand and continue the fight here in New Jersey.

Moreover, several months after the Seventh Court of Appeals affirmed the conviction against Plaintiff, it issued its mandate, and Plaintiff still did not turn himself in to authorities. Dkt. 3-1 at p. 10, 12. It was not until weeks later—and nearly six months after the conviction was upheld—that Plaintiff came forward. Dkt. 3-1 at p. 13. Although Plaintiff argues that he was pursuing habeas corpus relief, he does not deny that he refused to serve his sentence (at least) between July 9, 2025 and July 25, 2025. Accordingly, on November 14, 2025, Plaintiff was charged with bail jumping and failure to appear, which is a third-degree felony under Tex. Penal Code § 38.10(f), as well as tampering with an electronic monitoring device, which is a state jail felony under Tex. Penal Code § 38.112(b). *See* Tabs B, C, D, E. Based on the above, that Plaintiff "refused to serve his prison sentence" is at least substantially, if not literally, true.

It is also substantially true that the Court of Appeals "upheld his guilty conviction" (Statement 2). In a Memorandum Opinion, the Seventh Court of Appeals affirmed Plaintiff's "conviction for family-violence-assault by occlusion" and sentence of five years of confinement. Tab A. Plaintiff quibbles that his conviction was not "upheld" until the Court of Appeals issued the mandate in July 2025. Dkt. 3 at 11 ¶ 2. But Plaintiff's view of the statement does not matter— the operative question is "whether the gist of the article, as a whole, communicates defamatory falsehoods about the plaintiff to a reasonable reader." *Coleman*, 685 S.W.3d at 78. The answer is

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

9

no. A reasonable reader would understand Statement 2, in the context of the Article, to mean that Plaintiff's conviction in the trial court was affirmed, which is true, as Plaintiff admits.[11]

Further, nothing in the Article is more damaging to Plaintiff's reputation in the eyes of the average reader than the undisputed truth that Plaintiff has been convicted of assault and is facing charges of jumping bail and tampering with an electronic monitoring device. *See Coleman*, 685 S.W.3d at 80 (dismissing defamation claim because nothing in the article at issue would be more damaging to the plaintiff's reputation in the eyes of the average reader than the truth).

### 2.    The Statements are privileged as a matter of law.

The defamation claim also fails because the Statements are privileged as a matter of law. Courts have long recognized "[t]he special protected nature of accurate reports of judicial proceedings." *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975). In Texas, that protection is reflected in the common law, First Amendment, and CPRC § 73.002, which establishes the fair report and fair comment privileges for journalists reporting on matters of public concern.

### a.    The Statements are protected by the fair report privilege.

"The media enjoy a privilege to report on judicial and official proceedings without regard for whether the information from such proceedings is actually true." *Hall*, 579 S.W.3d at 381. Texas law protects fair, true, and impartial accounts of judicial proceedings. CPRC § 73.002(b)(1). Texas also recognizes a fair report privilege under the common law and First Amendment. *See, e.g., Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 655 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (common law); *Langston v. Eagle Printing Co.*, 797 S.W.2d 66, 70 (Tex. App.—Waco 1990, no writ) (First Amendment).

---

[11] Mischaracterizations of the law by non-lawyer reporters are not actionable. *See Coleman*, 685 S.W.3d at 78 ("[E]rrors of law by those reporting on the law are not automatically actionable as defamation."). If it were, the freedom of press "would be hard-pressed indeed." *Id*.

THE GRAY DEFENDANTS' MOTION TO DISMISS

The statutory fair report privilege applies to fair and impartial accounts of judicial or official proceedings, such as criminal proceedings. *See* CPRC § 73.002(b)(1); *Hall*, 579 S.W.3d at 381 (statements regarding accusations of violating laws are privileged). Here, Plaintiff's criminal proceedings form the basis of the Statements and this lawsuit. Statement 1—that Plaintiff "refused to serve his prison sentence"—is a fair, true, and impartial account of Plaintiff's criminal proceedings. Indeed, the court docket attached to the Complaint shows that the court issued an "Affidavit of Surrender with Order" and an "Attest to Warrant – Surrender" on February 3, 2025, and the Court of Appeals issued the mandate on July 9, 2025. Dkt. 3-1 at p. 12. Plaintiff did not turn himself in until July 24, 2025, according to an Arrest Report. Dkt. 3-1 at p. 13.

Statement 2—that the Court of Appeals "upheld his guilty conviction"—is also a fair, true, and impartial account of Plaintiff's criminal proceedings. The Seventh Court of Appeals issued a Memorandum Opinion affirming Plaintiff's conviction for family-violence-assault by occlusion and five-year sentence. Tab A. Plaintiff does not deny that he was convicted of assault and is serving a five-year sentence.[12]

Plaintiff only objects to *how* the Gray Defendants reported on his criminal proceedings, which is protected by the fair report privilege. *See Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (dismissing defamation claim because broadcast about the arrest of the plaintiff was

---

[12] Colloquially, "affirmed" and "upheld" are used interchangeably; such a minor distinction does not render the statement false. Because the "gists" of the Statements are substantially true, any minor inaccuracies do not amount to falsity, and the defamation claim should be dismissed. *See, e.g., McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990) (despite several minor mischaracterizations, the court held, as a matter of law, the report was substantially true and affirmed dismissal.); *AOL, Inc. v. Malouf*, No. 05-13-01637-CV, 2015 WL 1535669, at *4 (Tex. App.—Dallas Apr. 2, 2015, no pet.) (news article was not false even though it stated that plaintiff had been charged with criminal Medicaid fraud when the charges were civil and despite the article using the words "charged" and "stolen").

THE GRAY DEFENDANTS' MOTION TO DISMISS

privileged as a matter of law under the fair report privilege). Indeed, reporting on criminal proceedings is at the heart of what the privilege—and the First Amendment—are intended to protect. *See Cox Broad. Corp.*, 420 U.S. at 492 (criminal proceedings are "without question events of legitimate concern to the public and consequently fall within the responsibility of the press to report the operations of government"); *Freedom Commc'ns, Inc. v. Sotelo*, No. 11-05-00336-CV, 2006 WL 1644602, at *4-5 (Tex. App.—Eastland June 15, 2006, no pet.) (the fair report privilege protects reporting on criminal proceedings). Because the Statements are fair and accurate reports of Plaintiff's criminal proceedings, the Statements are privileged as a matter of law, and the Complaint fails to state a claim upon which relief can be granted. *See Walker*, 938 F.3d at 749 (affirming dismissal for failure to state a claim under the fair report privilege).

### b.    The Statements are protected by the fair comment privilege.

The Statements are also privileged under the "fair comment privilege," which protects a "reasonable and fair comment on or criticism of an official act of a public official or other matter of public concern published for general information." CPRC § 73.002(b)(2). Matters covered by this privilege cannot be grounds for defamation. *Id*. Clearly, the Statements, which comment on the criminal proceedings relating to Plaintiff's criminal conduct, are of utmost public concern. *See, e.g.*, *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018) (explaining that "criminal activity is of public concern"). The Statements are consistent with and fairly comment on the public actions of Plaintiff, and they were published widely on the internet. Dkt. 3-1 at 2-5; *Brewer v. Capital Cities/ABC, Inc.*, 986 S.W.2d 636, 645 (Tex. App.—Fort Worth 1998, no pet.) (fair comment privilege applied to reporting on official proceedings relating to health violations by a nursing home). Thus, the fair comment privilege bars the defamation claim as a matter of law. *See Maxwell*, 815 F. Supp. at 215 (dismissing claim because broadcast about the arrest of the

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

12

plaintiff was privileged as a matter of law under fair comment privilege).

3.    **The Statements are protected as accurate reports of third-party allegations.**

Plaintiff's defamation claim must also be dismissed because the Statements are accurate accounts of third-party allegations about a matter of public concern. Texas law provides a defense for "accurate reporting of allegations made by a third party regarding a matter of public concern." CPRC § 73.005(b). Under the third-party allegation rule, a defamation defendant must only prove that it accurately reported the information provided by a third party about a matter of public concern; the defendant need not establish the truth of the underlying allegations. *KBMT Operating Co., LLC v. Toledo*, 492 S.W.3d 710, 731 (Tex. 2016).

Here, the Statements consist of third-party statements from court records and other official records. And as explained above, the allegations in the Article, which are about Plaintiff's criminal proceedings, are matters of public concern. Thus, even though the Statements may not be complimentary to Plaintiff, they are protected under the third-party allegations rule and not actionable. *See Hall*, 579 S.W.3d at 381 (a statement that is "not flattering is not defamatory—especially in the face of the third-party allegation rule"); *Bostic v. Daily Dot, LLC*, No. 1:22-CV-158, 2023 WL 2317789, at *8 (W.D. Tex. Mar. 1, 2023) (dismissing defamation claim under third-party allegation rule).

4.    **Plaintiff fails to plausibly plead fault.**

a.    **Plaintiff is a limited-purpose public figure and does not plausibly allege actual malice.**

Plaintiff is at the very least a limited-purpose public figure and must—but cannot—allege facts establishing, by clear and convincing evidence, that the Gray Defendants published the Statements with "actual malice"—that is, with knowledge of falsity or with reckless disregard of whether they were false or not. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974). Plaintiff is

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

13

a limited-purpose public figure because (1) people, including Plaintiff, have been discussing Plaintiff's criminal proceedings publicly, and his victims and the public at large are likely to feel the impact of the resolution of his criminal proceedings; (2) Plaintiff has played a substantial, not a trivial or tangential, role in his criminal proceedings by orchestrating a public campaign to draw attention to his criminal proceedings—intentionally magnifying the attention garnered—and trying to impact its outcome; and (3) the Statements are germane to Plaintiff's participation in the controversy because the Article concerns Plaintiff's public refusal to serve his sentence and public statements about the charges against him.[13] *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (outlining public figure factors). In short, Plaintiff has used a megaphone to garner attention and support for his multi-faceted criminal proceedings from assault to jumping bail to tampering with his court ordered electronic monitoring device. *See, e.g.,* https://standwithedwardjames.com/. As such, he is a limited-purpose public figure because he has thrust himself to the forefront of public controversies to influence the resolution of the issues involved.[14] *Gertz*, 418 U.S. at 345.

Plaintiff does not present plausible facts showing actual malice—that the Gray Defendants subjectively knew the Statements were false at the time of publication.[15] *See Seidenstein v. Nat'l Med. Enterprises, Inc.*, 769 F.2d 1100, 1104 (5th Cir. 1985) (actual malice requires "subjective awareness of probable falsity"). Plaintiff accuses the Gray Defendants of not including information

---

[13] *Miller v. Transamerican Press, Inc.*, 621 F.2d 721 (5th Cir. 1980) ("[T]he question of public figure status is pervasive, and it should be answered as soon as possible.")

[14] One need look no further than the name of his website, "Stand with Edward James" to recognize his attempt to influence the resolution of the proceedings against him.

[15] *See also New York Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964) (determining fault "at the time of the publication"); *Hancock v. Variyam*, 400 S.W.3d 59, 65 n.7 (Tex. 2013) ("[T]here must still be a showing of fault in a defamation *per se* claim between private parties.").

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

14

from his website (although they link to it), refusing to correct or update their reporting, and having a "bias." *See, generally*, Dkt. 3 at p. 7 ¶ 1, 14 ¶ 3, 16 ¶ 8.

But even if true (they are not), none of those allegations show actual malice. Actual malice does not mean "bad motive or ill will." *Walker*, 938 F.3d at 744. And "[n]either a failure to investigate fully nor an understandable misinterpretation of ambiguous facts constitutes actual malice." *Id*. The Gray Defendants have refused to correct or update their reporting *because* the Statements are true. Because Plaintiff does not plausibly allege actual malice, the defamation claim should be dismissed. *Id.* at 745 (affirming dismissal of defamation claim because plaintiff failed to sufficiently plead actual malice). Moreover, Plaintiff cannot recover punitive damages. *Gertz*, 418 U.S at 350 (a defamation plaintiff must show actual malice to recover punitive damages).

### b.    In the alternative, Plaintiff does not plausibly allege negligence.

Even if Plaintiff is considered a private figure, the defamation claim must be dismissed because Plaintiff does not plausibly allege facts showing negligence—that is, that the Gray Defendants "knew or should have known a defamatory statement was false" at the time of publication. *Foster v. Laredo Newspapers, Inc.,* 541 S.W.2d 809, 820 (Tex. 1976) (a private figure must show negligence to prevail on a defamation claim against a media defendant). Like actual malice, Plaintiff fails to sufficiently plead negligence to survive dismissal. *See Pruitt v. Jourdanton Hosp. Corp.*, No. 5:14-CV-808, 2015 WL 402853, at *11 (W.D. Tex. Jan. 29, 2015) (dismissing defamation claim for failure to allege any facts demonstrating how defendant "would have known that her statement was false"); *Farias v. Garza*, 426 S.W.3d 808, 816 (Tex. App.—San Antonio

<u>The Gray Defendants' Motion to Dismiss</u>

2014, pet. denied) (dismissing defamation claim for lack of allegations of negligence).[16]

### 5.    Plaintiff fails to adequately plead damages.

In the Complaint, Plaintiff asserts conclusory allegations of damages without providing specific details that the Statements, as opposed to any other reason, caused him damages, as required to sustain a defamation claim or pursue actual or special damages. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015); *Anderson*, 550 S.W.3d at 621 ("[E]vidence of loss of reputation should be more than theoretical . . . the evidence must show that people believed the statements and the plaintiff's reputation was actually affected.") (internal quotations omitted).

Plaintiff alleges generally that the Statements are "defamatory *per se*" because they accuse him of criminal conduct. Dkt. 3 at p. 11 ¶ 1. But Plaintiff does not present facts showing that the Statements have injured him in his "office, profession, or occupation." *Hancock*, 400 S.W.3d at 66; *Hill*, 2017 WL 2378299, at *4 ("To recover for defamation *per se*, the defamatory statement must attribute to another conduct that would negatively impact her fitness for the proper conduct of [her] lawful business, trade or profession") (internal quotations omitted). Instead, Plaintiff resorts to conclusory allegations of damages (Dkt. 3 at p.19), which are insufficient. *Hill*, 2017 WL 2378299, at *4 (dismissing defamation *per se* claim when the plaintiff "fails to plead a false statement that is particularly related to her role"). Moreover, it strains credulity that the Statements, which are substantially true (as explained above), are "so obviously harmful that general damages may be presumed." *In re Lipsky*, 460 S.W.3d at 593. After all, the Gray Defendants provided a link to Plaintiff's website in the Article for "readers to see and hear him from him directly," which

---

[16] *See also Carpenter v. King*, 792 F. Supp. 2d 29, 39 (D.D.C. 2011), *aff'd*, 473 Fed. Appx. 4 (D.C. Cir. 2012) (granting motion to dismiss defamation claim because plaintiff failed to allege facts showing that the defendant was negligent).

THE GRAY DEFENDANTS' MOTION TO DISMISS

16

increased readership of his website. Dkt. 3-1 at 14.

Further, Plaintiff is likely barred from recovery of damages because he is libel-proof. *See, e.g., Swate v. Schiffers*, 975 S.W.2d 70, 77-78 (Tex. App.—San Antonio 1998, pet. denied). This is especially true because Plaintiff has engaged in—and been convicted of—criminal conduct multiple times.[17] *See Lavergne v. Dateline NBC*, 597 Fed. Appx. 760, 762 (5th Cir. 2015) (affirming dismissal of defamation claim because plaintiffs with criminal histories "have such poor reputations that they are unlikely as a matter of law to recover more than nominal damages for an allegedly defamatory publication").

Further, Plaintiff should be barred from pursuing special damages, which are "never presumed" and "represent specific economic losses that must be proved." *In re Lipsky*, 460 S.W.3d at 593. Plaintiff has not included one shred of support that he has suffered *any* economic loss because of the Statements.

Because Plaintiff fails to adequately plead damages, the defamation claim should be dismissed for this additional reason.

**B.**    **Plaintiff fails to state a plausible defamation by implication claim for the same and other reasons.**

Plaintiff's defamation by implication claim fails for the same reasons as the defamation *per se* claim—Plaintiff does not plausibly allege facts supporting falsity, fault, or damages, and the Statements are privileged. *See* § V.A. above. The claim also fails because Plaintiff includes no plausible allegations supporting a defamation by implication theory, much less the "especially rigorous showing" required to prevail on a defamation by implication claim. *Dallas Morning*

---

[17] In addition to being convicted of assault, Plaintiff served time in prison for having a sexual relationship with a minor. Dkt. 3 at p. 5; Dkt. 3-1 at p. 6-7.

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

*News, Inc. v. Tatum*, 554 S.W.3d 614, 633 (Tex. 2018) (a higher standard is required because "[t]he potential chilling effect is especially strong in defamation-by-implication cases").

Plaintiff does not show, as required, that upon evaluating the Article as a whole, that the implications alleged are "among the implications that the objectively reasonable reader would draw." *Id*. at 631. Nor does Plaintiff "point to additional, affirmative evidence" within the Article that "suggests that" the Gray Defendants "intend[] or endorse[] the defamatory inference." *Id*. at 635. Thus, any defamation by implication claim fails. *See id*.; *Nunes v. Lizza*, 486 F. Supp. 3d 1267, 1294 (N.D. Iowa 2020) (dismissing defamation by implication claim as a matter of law because the plaintiffs "do not identify any additional, affirmative evidence in the Article or elsewhere to show that defendants intended the implication plaintiffs read into the Article") (citing and relying on *Tatum*); *Green v. CBS Inc.,* 286 F.3d 281, 285 (5th Cir. 2002) (dismissing defamation by implication theory because the broadcast, as a whole, did not create a false impression of the plaintiff's actions; whether the broadcast "painted [the plaintiff] in an attractive light is irrelevant").

Further, Plaintiff concedes, as he must, that the Article includes his responses to the allegations made against him—both about the underlying incident and conviction and about his purposeful avoidance of prison—as well as a link to his website providing a means for "readers to see and hear him from him directly." Dkt. 3-1 at 14.  In fact, as shown by Plaintiff's own exhibits to his Complaint, he claims that readership of his website "tripled" after the Article was published.

## C.    <u>Plaintiff fails to state plausible claims for negligence and IIED.</u>

### 1.    **Plaintiff's "tag-along" claims for negligence and IIED should be dismissed.**

Plaintiff cannot circumvent constitutional protections by repackaging a failed defamation claim as claims for negligence and IIED. *See Texas Beef Grp. v. Winfrey*, 11 F. Supp. 2d 858, 864

(N.D. Tex. 1998), *aff'd*, 201 F.3d 680 (5th Cir. 2000) ("The Texas Supreme Court has expressly refused to recognize causes of action that merely duplicate the remedy of defamation and are creatively pled in an attempt to avoid the constitutional protections mandated by the First Amendment and the Texas Constitution.").[18] When the gravamen of negligence and IIED claims is defamation, they are not an available remedy. *See, e.g., Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (IIED "is a 'gap-filler'" tort never intended to supplant or duplicate existing statutory or common-law remedies. Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill."); *Bird v. W.C.W.*, 868 S.W.2d 767, 772 n.7 (Tex. 1994) ("[I]t would be ironic if an individual could avoid all the constitutional restrictions on defamation actions merely by disguising such claim in negligence terms.")

Plaintiff bases the negligence and IIED claims on the Gray Defendants' "reporting" and "decision to publish" the Article that purportedly caused him "reputational harm," "humiliation," and "mental anguish" (Dkt. 3 at 17 ¶ 1, 18 ¶¶ 1-4, 19 § 5), which is what defamation law is designed to prevent. *See Williamson v. New Times, Inc.*, 980 S.W.2d 706, 710 (Tex. App.—Fort Worth 1998, no pet.) (a claim is one for defamation when alleged damages are "injury to personal reputation, humiliation, or mental anguish"). As discussed above, Plaintiff has not alleged a plausible defamation claim. As a result, Plaintiff's negligence and IIED claims arising from the same Statements about a matter of public concern should be dismissed as well.[19] *See Winfrey*, 11

---

[18] *See also Tacon Mech. Contractors, Inc. v. Aetna Cas. & Sur. Co.*, 65 F.3d 486, 488 (5th Cir. 1995) ("Under Texas law, an attempt such as this to fracture one cause of action into three or four by massaging the labels and language is impermissible."); *Provencio v. Paradigm*, 44 S.W.3d 677 (Tex. App.—El Paso 2001, no pet.) ("The same protections which the First Amendment affords defendants from libel claims also protect them from non-libel claims that are based on the same defamatory publication.").

[19] Because Plaintiff's non-defamation claims arise from the same Article as their defamation claims, the substantial truth defense, the fair report and fair comment privileges, the third-party

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

F. Supp. 2d at 864 (dismissing negligence claims that were "creatively pled in an attempt to avoid the constitutional protections mandated by the First Amendment and the Texas Constitution"); *Snyder v. Phelps*, 562 U.S. 443, 458 (2011) (the First Amendment "can serve as a defense in state tort suits, including suits for intentional infliction of emotional distress").

The negligence and IIED claims should also be dismissed because Plaintiff fails to allege plausible facts supporting each element of the claims.

### 2.    Plaintiff fails to plausibly allege the elements of a negligence claim.

Additionally, Plaintiff's negligence/gross negligence claim should be dismissed for failure to plausibly allege (1) a legal duty owed by the Gray Defendants; (2) that the Gray Defendants breached that duty; and (3) that he suffered damages proximately caused by the breach. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018). The one paragraph devoted to negligence/gross negligence (Dkt. 3 at p. 17 ¶ 1) fails to include plausible allegations for *any* element. Because Plaintiff cannot prevail on a negligence claim, any gross negligence claim should also be dismissed. *See Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 202 n.16 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("A plaintiff who cannot support a cause of action for negligence cannot succeed on gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence.").

---

allegation rule, and the fault requirement all apply to their "tag-along" claims of business disparagement, tortious interference with prospective business relations, and negligence. *See Lomas Bank USA v. Flatow*, 880 S.W.2d 52, 54 (Tex. App.—San Antonio 1994, writ denied) (finding plaintiff could not circumvent qualified privilege for allegedly defamatory statements simply by declaring claim to be one for another cause of action other than defamation); *Rogers v. Dallas Morning News, Inc.*, 889 S.W.2d 467, 474 (Tex. App.—Dallas 1994, writ denied) (non-defamation claims were grounded on defamation claim; thus, to recover on the non-defamation claims, the plaintiff had to prove the falsity of the alleged defamatory articles).

THE GRAY DEFENDANTS' MOTION TO DISMISS

a.   **Plaintiff fails to plausibly allege a legal duty owed to him by the Gray Defendants.**

Plaintiff does not identify a duty of care that is owed to him by the Gray Defendants. *See Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 145 (Tex. 2022) ("The threshold inquiry in a negligence case is duty."). Because the Complaint is void of *any* allegation regarding legal duty, dismissal of the negligence claim is required. *See Tomdra Investments, L.L.C. v. CoStar Realty Info., Inc.*, 735 F. Supp. 2d 528, 534 (N.D. Tex. 2010) (dismissing negligence claim when plaintiff failed to plead that the defendant owed her a legal duty).

Moreover, courts have uniformly rejected a "duty not to defame" and a duty to correct allegedly false information. *See Phoneternet, L.L.C. v. LexisNexis Risk Sols., Inc.*, 816 Fed. Appx. 909, 914 (5th Cir. 2020) (failing to recognize "a new common law duty under Texas law to correct allegedly false data in a commercial business report"); *Charalambopoulos v. Grammer*, No. 3:14-CV-2424, 2015 WL 390664, at *22 (N.D. Tex. Jan. 29, 2015) (a plaintiff "cannot maintain a negligence claim based solely on a duty not to defame"); *Oliphint v. Richards*, 167 S.W.3d 513, 518 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (same).

Plaintiff also fails to allege that his injuries were a foreseeable result of the Gray Defendants' conduct. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (foreseeability is the "foremost and dominant consideration" in the duty analysis and asks what one should reasonably anticipate as consequences of his conduct under the circumstances); *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (if the injuries allegedly suffered because of the defendant's conduct were not foreseeable, the defendant owed no duty to the plaintiff and is not liable as a matter of law). Thus, the negligence claim should be dismissed.

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

*See id.* at 210 (affirming dismissal of negligence claim because it was not foreseeable that the defendants' conduct could have caused the alleged harm).

> **b.    Plaintiff fails to plausibly allege a breach of a duty by the Gray Defendants.**

Plaintiff cannot sufficiently plead how the Gray Defendants breached a duty when he does not plausibly allege that the Gray Defendants owe him a duty, further justifying dismissal of the negligence claim. *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 542-45 (5th Cir. 2005) (a negligence plaintiff must point to a duty and how it was breached).

> **c.    Plaintiff fails to plausibly allege that he suffered damages proximately caused by a breach by the Gray Defendants.**

The negligence claim should also be dismissed because Plaintiff fails to plausibly allege proximate cause, which requires a showing of specific allegations that the Gray Defendants' conduct was a "substantial factor" in causing Plaintiff's injuries. *See Perez v. U.S. Xpress, Inc.*, No. 23-50146, 2023 WL 6393899, at *2 (5th Cir. Oct. 2, 2023) (proximate cause requires a specific showing of "cause-in-fact" and "cannot be satisfied by mere conjecture, guess, or speculation").

> **3.    Plaintiff fails to plausibly allege the elements of an IIED claim.**

The IIED claim also fails because Plaintiff has not plausibly alleged that (1) the Gray Defendants acted intentionally or recklessly; (2) their conduct was extreme and outrageous; (3) they caused Plaintiff emotional distress; and (4) any emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Plaintiff's boilerplate and conclusory allegations as to each element are insufficient to meet the high standard required to bring a viable IIED claim. Dkt. 3 at 18-19 ¶¶ 1-4; *Twombly*, 550 U.S. at 555.[20]

---

[20] The standard is so high that the Texas Supreme Court noted in its *Creditwatch* decision that "[f]or the tenth time in little more than six years, we must reverse an intentional infliction of

**THE GRAY DEFENDANTS' MOTION TO DISMISS**

### a. Plaintiff does not plausibly allege that the Gray Defendants acted intentionally or recklessly.

A plaintiff must plead that a defendant intended to cause, or recklessly risked causing emotional distress, not some other tortious injury. *Standard Fruit & Veg. Co. v. Johnson,* 985 S.W.2d 62, 67-68 (Tex. 1998) (IIED "is available only in those situations in which severe emotional distress is the *intended* consequence or primary risk of the actor's conduct."). The Complaint lacks sufficient allegations that the Gray Defendants took actions intending to cause Plaintiff emotional distress, nor could there plausibly be.

### b. Plaintiff does not plausibly allege that the Gray Defendants engaged in "extreme and outrageous" conduct.

Plaintiff does not plausibly allege that the Gray Defendants engaged in conduct that was "extreme and outrageous." *See Hoffmann-La Roche*, 144 S.W.3d at 445 ("extreme and outrageous" conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). The Gray Defendants' alleged conduct—reporting on criminal activity and legal proceedings—is a far cry from the type of "extreme and outrageous" conduct that is required to succeed on an IIED claim. *See Creditwatch*, 157 S.W.3d at 816–18 (IIED requires conditions that resemble "the ring of hell;" even behavior that is "callous, meddlesome, mean-spirited, officious, overbearing, and vindictive" is not "extreme and outrageous."). Texas courts have repeatedly found that a media company's publication of information does not rise to the level of extreme and outrageous conduct necessary to establish IIED.[21] For these additional reasons, the IIED claim

---

emotional distress claim for failing to meet the exacting requirements of that tort." 157 S.W.3d at 815.  The exacting requirements for such a claim have not been relaxed since that time.

[21] *See, e.g., Cox Texas Newspapers, L.P. v. Wootten*, 59 S.W.3d 717, 724 (Tex. App.—Austin 2001, pet. denied) (unauthorized publication of pictures of dead body was not extreme and outrageous); *Hogan v. Hearst Corp.*, 945 S.W.2d 246, 251-52 (Tex. App.—San Antonio 1997, no

THE GRAY DEFENDANTS' MOTION TO DISMISS

should be dismissed. *Hoffmann-La Roche*, 144 S.W.3d at 445 (whether conduct is extreme and outrageous is a question of law to be determined by the court).

### c.    Plaintiff does not plausibly allege that the Gray Defendants caused any emotional distress.

Plaintiff does not plausibly allege that the Gray Defendants *caused* any emotional distress. The conclusory allegation that Plaintiff's emotional distress was "a direct and proximate result of Defendants' extreme and outrageous conduct" is not enough to survive a motion to dismiss. Dkt. 3 at 18 ¶ 3. Plaintiff does not specifically tie the alleged actions of the Gray Defendants to his alleged injuries. Plaintiff has already experienced emotional distress, repeatedly acknowledging in the Complaint that he suffered from PTSD long before—and completely unrelated to—the Article. Dkt. 3-1 at p.8-10, 17, 20, 29.[22] Nor does Plaintiff show how the Gray Defendants—as opposed to his own behavior or the behavior of others—may have caused him distress. *See NEC Networks, LLC v. Gilmartin*, No. 04-23-00109-CV, 2023 WL 8246671, at *3 (Tex. App.—San Antonio Nov. 29, 2023, pet. denied) (support for each element of IIED is required).

### d.    Plaintiff does not plausibly allege that he experienced severe emotional distress.

Plaintiff has not provided factual support that he experienced emotional distress from the Article, much less emotional distress that was "so severe that no reasonable person could be expected to endure it without undergoing unreasonable suffering." *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 454 (Tex. App.—Dallas 2002, no pet.) ("mere worry, anxiety, vexation, embarrassment or anger" does not constitute *severe* emotional distress). Plaintiff alleges

---

writ) (newspaper's publication of the names of persons arrested for lewd conduct was not extreme and outrageous).

[22] A medical diagnosis from October 2019 shows that Plaintiff has experienced PTSD, depression, and anxiety. Dkt. 3-1 at 29.

THE GRAY DEFENDANTS' MOTION TO DISMISS

that he suffered "humiliation, anxiety, fear, shame" and other damages. Dkt. 3 at 18 ¶ 3. But even taking those allegations as true, Plaintiff never alleges facts supporting the inference that any emotional distress caused by the Article was "severe."

## VI.    CONCLUSION

Plaintiff's attempt to silence the media from accurately reporting on his criminal conduct through the filing of this meritless lawsuit should be dismissed. The Gray Defendants respectfully request that the Court grant their Motion and dismiss the case with prejudice under FRCP 12(b)(6).

Respectfully submitted,

 */s/ Laura Lee Prather*
Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Michael J. Lambert
Texas Bar No. 24128020
michael.lambert@haynesboone.com

**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

**ATTORNEYS FOR DEFENDANTS**
**GRAY LOCAL MEDIA, INC. AND**
**SARAH E. CLARK**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 7th day of January 2026, a true and correct copy of

the above document was served via the CM/ECF system to all parties and by certified mail on

Plaintiff:

Potter County Detention Center
Attn: Edward David James III, Inmate #154390
13100 NE 29th Ave.
Amarillo, TX 79111

*/s/ Laura Lee Prather*
Laura Lee Prather

<u>THE GRAY DEFENDANTS' MOTION TO DISMISS</u>

26