IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDWARD DAVID JAMES III, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 2:25-CV-00253-Z |
| SARAH E. CLARK, GRAY TELEVISION, INC., JOHN DOES 1-10, | § § § § § | |
| Defendants. | § § | |

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii
TABLE OF AUTHORITIES ........................................................................................................ iii
I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT ....................................... 1
II.    UNDISPUTED FACTS ...................................................................................................... 2
III.   ARGUMENT ...................................................................................................................... 4
       A.    Plaintiff's defamation *per se* claim should be dismissed for many reasons. ......... 4
             1.    The Article is substantially true. ................................................................ 4
             2.    The fair report and fair comment privileges bar Plaintiff's
                   defamation claim. ....................................................................................... 5
                   a.    The Statements are protected by the fair report privilege. ............. 5
                   b.    The Statements are protected by the fair comment
                         privilege. ......................................................................................... 6
             3.    The third-party allegation rule bars Plaintiff's defamation claim. ............. 7
             4.    The Complaint lacks sufficient allegations of fault. .................................. 7
                   a.    Plaintiff is a limited-purpose public figure. ................................... 7
                   b.    Plaintiff does not allege plausible facts in the Complaint
                         establishing actual malice. .............................................................. 7
                   c.    Plaintiff does not allege plausible facts in the Complaint
                         establishing negligence. ................................................................. 8
             5.    Plaintiff fails to plausibly allege damages or causation. ............................ 8
       B.    Plaintiff does not address and thus abandons the defamation by
             implication claim. ................................................................................................... 9
       C.    Plaintiff does not address and thus abandons the negligence and IIED
             claims. ................................................................................................................... 10
IV.    CONCLUSION ................................................................................................................. 10
CERTIFICATE OF SERVICE ..................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                **Page(s)**

*Arkansas v. Wilmington Tr. Nat'l Ass'n*,
   No. 3:18-CV-1481-L, 2020 WL 1249570 (N.D. Tex. Mar. 16, 2020) ..........................6, 7, 8, 9

*Bedford v. Tex. Dep't of Transp.*,
   810 Fed. Appx. 264 (5th Cir. 2020) ...............................................................................................10

*Cardillo v. Doubleday & Co., Inc.*,
   518 F.2d 638 (2d Cir.1975) ...............................................................................................9

*Cianci v. New Times Pub. Co.*,
   639 F.3d 54 (2d Cir. 1980) ...............................................................................................6

*Dallas Morning News, Inc. v. Hall*,
   579 S.W.3d 370 (Tex. 2019) ...............................................................................................1

*Matter of Dallas Roadster, Ltd.*,
   846 F.3d 112 (5th Cir. 2017) ...............................................................................................9

*Douglas v. Dorchester Properties Ltd*,
   No. 22-CV-100, 2023 WL 5156337 (N.D. Tex. May 17, 2023) ...........................................10

*Frank v. Delta Airlines, Inc.*,
   No. 00–CV–2772, 2001 WL 910386 (N.D. Tex. Aug. 3, 2001) ...............................................7

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974) ...............................................................................................8

*Guccione v. Hustler Magazine, Inc.*,
   800 F.2d 298 (2d Cir. 1986) ...............................................................................................9

*HBO v. Harrison*,
   983 S.W.2d 31 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ...........................................8

*Hill v. Optum*,
   No. 3:17-CV-0775-D, 2017 WL 2378299 (N.D. Tex. June 1, 2017) ......................................9

*Immanuel v. CNN*,
   618 F. Supp. 3d 557 (S.D. Tex. 2022) ...............................................................................6, 7

*Johnson v. Phillips*,
   526 S.W.3d 529 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ....................................6

*KBMT Operating Co., LLC v. Toledo*,
   492 S.W.3d 710 (Tex. 2016) ...............................................................................................5, 6

*Langston v. Eagle Printing Co.*,
   797 S.W.2d 66 (Tex. App.—Waco 1990, no writ) ................................................................. 6

*Lavergne v. Dateline NBC*,
   597 Fed. Appx. 760 (5th Cir. 2015) ...................................................................................... 9

*In re Lipsky*,
   460 S.W.3d 579 (Tex. 2015) .................................................................................................. 9

*Maldonado v. Tex.*,
   No. 23-CV-2720, 2024 WL 3331585 (N.D. Tex. June 20, 2024) .......................................... 2

*Mason v. Integra Peak Mgmt. Inc.*,
   821 Fed. Appx. 382 (5th Cir. 2020) ...................................................................................... 9

*McClelland v. Katy Indep. Sch. Dist.*,
   63 F.4th 996 (5th Cir. 2023) ....................................................................................... 1, 9, 10

*Miami Herald Pub. Co. v. Tornillo*,
   418 U.S. 241 (1974) ................................................................................................................ 8

*MMAR Group, Inc. v. Dow Jones & Co., Inc.*,
   987 F. Supp. 535 (S.D. Tex. 1997) ........................................................................................ 8

*Murphy v. Amarillo Nat'l Bank*,
   No. 2:20-CV-048-Z, 2021 WL 40779 (N.D. Tex. Jan. 5, 2021) (Kacsmaryk,
   J.) ............................................................................................................................................ 1

*N.B.C. v. Gonzalez*,
   No. 04-95-00219-CV, 1995 WL 624549 (Tex. App.—San Antonio Oct. 25,
   1995, no writ) .......................................................................................................................... 6

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964) ................................................................................................................ 8

*NW Commc'ns of Tex., Inc. v. Power*,
   No. 05-99-01641-CV, 2000 WL 1036327 (Tex. App.—Dallas July 28, 2000,
   pet. denied) .............................................................................................................................. 5

*Polk Cnty. Publ'g Co. v. Coleman*,
   685 S.W.3d 71 (Tex. 2024) ................................................................................................ 4, 5

*Stiel v. Heritage Numismatic Auctions, Inc.*,
   816 Fed. Appx. 888 (5th Cir. 2020) ...................................................................................... 2

*Turner v. KTRK Television, Inc.*,
   38 S.W.3d 103 (Tex. 2000) .................................................................................................... 4

*Walker v. Beaumont Indep. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) ........................................................................................5, 7, 8

**Statutes**

TEX. CIV. PRAC. & REM. CODE ANN. § 73.002 ...........................................................................5, 6

TEX. CIV. PRAC. & REM. CODE ANN. § 73.005(b)...........................................................................6

Defendants Gray Local Media, Inc. and Sarah E. Clark (collectively, the "Gray Defendants") file this Reply Brief in Support of their Motion to Dismiss the Complaint.

## I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff's Response does not cure—rather, it underscores—the Complaint's fatal defects. Plaintiff abandons his defamation by implication, negligence, and IIED claims[1] and fails to plausibly allege the sole remaining defamation *per se* claim. Rather than confront the undisputed record and governing law, Plaintiff relies on conclusory rhetoric,[2] resorts to general complaints about the Article,[3] and rests his legal argument on five cases—the most recent of which was decided 35 years ago, and two of which are not binding from another circuit. He even distances himself from the statements on his own website, which are consistent with the Gray Defendants' reporting.

Plaintiff fails to state a claim for defamation *per se* because the "gist" of the Article—that he "refused to serve his prison sentence" (Statement 1) and that the Court of Appeals "upheld his guilty conviction" (Statement 2)—is substantially true. It is undisputed that Plaintiff was convicted of assault, his conviction was affirmed by the Court of Appeals, a warrant was issued for his arrest, he remained in New Jersey for a month rather than return to Texas to serve his sentence, and he has been charged with bail jumping and failure to appear.

---

[1] Plaintiff also abandons any claim arising out of the November 9, 2025 broadcast. *See McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings.").
[2] This Court need not "strain to find inferences favorable" to a *pro se* plaintiff or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Murphy v. Amarillo Nat'l Bank*, No. 2:20-CV-048-Z, 2021 WL 40779, at *4 (N.D. Tex. Jan. 5, 2021) (Kacsmaryk, J.)
[3] *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 381 (Tex. 2019) (news coverage that is "not flattering is not defamatory")

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

1

Moreover, the Gray Defendants' reporting on Plaintiff's criminal proceedings, which are a matter of public concern, is protected from liability under the fair report privilege, fair comment privilege, and third-party allegation rule. The Complaint also lacks plausible allegations of fault or that his already-damaged reputation was further harmed by the Article. For these reasons and because any amendment would be futile, Plaintiff's claims must be dismissed with prejudice.

## II.    UNDISPUTED FACTS

| Date | Fact | Sources[4] | Citation |
|---|---|---|---|
| **January 2024** | Plaintiff was convicted of family-violence-assault and sentenced to five years in prison. Cause number 079270-A-CR, in the 47th District Court of Potter County, Texas. | Plaintiff's website ("website"); court docket; Court of Appeals' Opinion; prison report | Dkt. 3-1 at p. 6, 12; Dkt. 16-2 at p. 2, 6, 69. |
| **January 30, 2025** | The Seventh Court of Appeals issued a Judgment and Memorandum Opinion affirming Plaintiff's guilty conviction. | Court of Appeals' Opinion | Dkt. 3-1 at p. 10, 12; Dkt. 16-2 at 2–13. |
| **After January 30, 2025** | After losing his first appeal, Plaintiff stopped checking in with his bondsman. | Website | Dkt. 3-1 at p. 9–10. |
| **February 3, 2025** | The trial court issued a warrant for Plaintiff's arrest. | Website; court docket | Dkt. 3-1 at p. 4, 10, 12. |
| **February 3, 2025** | Plaintiff is charged with tampering with an electronic monitoring device. Case No. 88433-D-CR in the 320th District Court of Potter County, Texas. | Court docket, prison report | Dkt. 16-2 at at p. 20–21. |
| **After February** | Rather than turn himself in, Plaintiff proclaimed he "had to stand and continue the fight" in New Jersey. | Website | Dkt. 3-1 at p. 4, 18. |

---

[4] The Court can incorporate by reference and take judicial notice of the Court of Appeals' decision (Motion to Dismiss, Tab A), Indictment (Motion to Dismiss, Tab B), court dockets (Motion to Dismiss, Tabs C, D), and prison report (Motion to Dismiss, Tab E). Plaintiff does not dispute that these documents are referred to in the Complaint, central to his claims, and are authentic. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 Fed. Appx. 888, 892 (5th Cir. 2020) (courts can take judicial notice of court documents and court dockets); *Maldonado v. Tex.*, No. 23-CV-2720, 2024 WL 3331585, at *3 (N.D. Tex. June 20, 2024) (taking judicial notice of criminal records at the pleadings stage).

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

| | | | |
|---|---|---|---|
| 3, 2025 | | | |
| **July 8, 2025** | Plaintiff "intentionally or knowingly fail[ed] to appear in accordance with the terms of [his] release in the 47th District Court of Potter County, Texas in cause number 079270-A-CR." <br><br> **INDICTMENT** <br><br> In the name and by the Authority of the State of Texas: <br><br> THE GRAND JURORS for Potter County, Texas, duly organized and sworn as such at the July Term A.D., 2025, of the District Court of the 251st Judicial District, in and for Potter County, Texas, upon their oaths in that Court at that term, present that EDWARD DAVID JAMES III, hereinafter styled Defendant, on or about the 8th day of July, 2025, and before the presentment of this indictment, in Potter County, Texas, did then and there, after being lawfully released from custody on condition that the defendant subsequently appear, intentionally or knowingly fail to appear in accordance with the terms of the defendant's release in the 47th District Court of Potter County, Texas in cause number 079270-A-CR. <br><br> Against the peace and dignity of the State. <br><br> *Cynthia D. Koehling* <br> Foreperson of the Grand Jury | Indictment | Dkt. 16-2 at p. 15. |
| | Plaintiff is charged with bail jumping and failure to appear. Case No. 88352-D-CR in the 320th District Court of Potter County, Texas. <br><br> | Description | Statute | Level | Date | <br> | 1 | BAIL JUMPING AND FAIL TO APPEAR FELONY | 38.10(f) | Third Degree Felony | 07/08/2025 | | Court docket; prison report | Dkt. 16-2 at p. 17–18, 69 |
| **July 9, 2025** | The Court of Appeals issued mandate and ordered Plaintiff back from New Jersey to serve his five-year prison sentence. | Website; court docket | Dkt. 3-1 at p. 10, 12, 18. |
| **July 24, 2025** | Plaintiff turned himself in at a New Jersey police station on an outstanding warrant. <br><br> On the above listed date and time, I responded to the lobby of police headquarters in reference to a subject wishing to turn himself in on an outstanding warrant (W# 881090174 Bail: No Bail, Full Extradition) out of Potter County Sheriff's Office, Amarillo Texas. | Website; arrest report | Dkt. 3-1 at p. 10, 13 |
| **November 8, 2025** | The Gray Defendants publish the Article. | | Dkt. 3 at p. 2–5. |
| **November 14, 2025** | The State of Texas filed the grand jury indictment against Plaintiff for intentionally or knowingly failing to appear in accordance with the terms of his release. Case No. 88352-D-CR in the 320th District Court of Potter County, Texas. | Indictment; court docket | Dkt. 16-2 at p. 15, 18. |
| **November 26, 2025** | The State of Texas filed a grand jury indictment against Plaintiff for tampering with an electronic monitoring device. Case No. 88433-D-CR in the 320th District Court of Potter County, Texas. | Court docket | Dkt. 16-2 at 21. |

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

3

### III.  ARGUMENT

**A.  Plaintiff's defamation *per se* claim should be dismissed for many reasons.**

    **1.  The Article is substantially true.**

Plaintiff complains that the Gray Defendants reported that he "avoided many attempts" at service, was a "fugitive," and turned himself in "only because he discovered that the 'wrongful conviction' process in Texas can only happen when the person is in custody."[5] But those statements are substantially true and not more harmful to his reputation than the undisputed truth—that he was convicted of assault, his conviction was affirmed by the Court of Appeals, he remained in New Jersey rather than return to Texas to serve his sentence after the warrant was issued for his arrest and the Court of Appeals issued its mandate, and he has been charged with bail jumping and failure to appear. *See Polk Cnty. Publ'g Co. v. Coleman*, 685 S.W.3d 71, 80 (Tex. 2024) (courts must ask "whether the alleged defamatory statement was more damaging to [the plaintiff's] reputation, in the mind of the average [reader], than a truthful statement would have been").

Indeed, on his own website (which he tries to disavow now), Plaintiff stated that Texas "ordered him back from NJ to serve his 5-year prison sentence" and "had put out a warrant for him," but that he "stopped checking in with his bondsman," "decided he could not buy a ticket and put himself on a plane to go back to Texas," and "had to stand and continue to fight" in New Jersey. Dkt. 3-1 at 4, 10, 18, 20. Although the Gray Defendants accurately reported on Plaintiff's criminal proceedings, an article is substantially true, even if it "err[s] in the details." *Coleman*, 685 S.W.3d at 76.[6] Moreover, "errors of law by those reporting on the law are not automatically

---

[5] The Article does not state, as Plaintiff contends, that he "evaded law enforcement" and was "caught" outside of Texas." Dkt. 23 at 1–2.

[6] *See also Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000) (the substantial truth doctrine "precludes liability for a publication that correctly conveys a story's 'gist' or 'sting' although erring in the details").

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

actionable as defamation." *Id*. at 78. Further, Plaintiff cannot salvage his claim by reframing the undisputed facts through his preferred narrative that he was merely exercising his legal rights. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 745 (5th Cir. 2019) (substantial truth is determined by the "ordinary person's assessment" of the publication, not the plaintiff's "preferred account of events").

Plaintiff contests the Gray Defendants' use of the indictment to support its substantial truth argument—notably, not the actual truth of the indictment itself. But the Gray Defendants can use the indictment and subsequent events to confirm what already occurred. *See NW Commc'ns of Tex., Inc. v. Power*, No. 05-99-01641-CV, 2000 WL 1036327, at *9 (Tex. App.—Dallas July 28, 2000, pet. denied) (allowing a publisher to rely on subsequent events unknown at the time of publication to support the substantial truth of the publication because the events "merely confirmed that in fact had already occurred"). Although the indictment was not publicly filed until after the Gray Defendants published the Article, Plaintiff committed the conduct that led to the indictment and was charged with bail jumping and failure to appear on July 8, 2025, four months *before* the Gray Defendants published the Article on November 8, 2025. Dkt. 16-2 at p. 15, 17–18, 69.

    2.    **The fair report and fair comment privileges bar Plaintiff's defamation claim.**

        a.    **The Statements are protected by the fair report privilege.**

Texas law protects fair and substantially accurate accounts of official proceedings under CRPC § 73.002(b)(1), the First Amendment, and common law. Dkt. 16 at 10. The Article summarized Plaintiff's judicial/criminal proceedings—his conviction, appeal, warrant, and custody—which are matters of public concern. When considering the fair report privilege, a court must compare the "gist" of the Article to the proceeding themselves, not information outside the proceedings. *Walker*, 938 F.3d at 745; *KBMT Operating Co., LLC v. Toledo*, 492 S.W.3d 710,

711, 714 (Tex. 2016). Because the Article casts Plaintiff in no worse light than the proceedings themselves, the privilege applies. *KBMT*, 492 S.W.3d at 716 (applying the fair report privilege because the broadcast casts physician in no worse light than disciplinary proceedings).

Plaintiff's objection that the Article contained "embellishment, inference, or fabrication" fails.[7] The fair report privilege does not demand "dry, colorless descriptions of facts, bereft of analysis or insight." *Johnson v. Phillips*, 526 S.W.3d 529, 537 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The privilege provides great latitude to reports of official proceedings and does not require reports of official proceedings to be exact replicas. *See Langston v. Eagle Printing Co.*, 797 S.W.2d 66, 69 (Tex. App.—Waco 1990, no writ); *N.B.C. v. Gonzalez*, No. 04-95-00219-CV, 1995 WL 624549, at *2 (Tex. App.—San Antonio Oct. 25, 1995, no writ).

### b. The Statements are protected by the fair comment privilege.

Texas also protects fair comments on matters of public concern. CPRC § 73.002(b)(2); *Immanuel v. CNN*, 618 F. Supp. 3d 557 (S.D. Tex. 2022) (Rule 12 dismissal of defamation claim arising from report on matter of public concern protected by fair comment privilege). Plaintiff fails to contest that the fair comment privilege applies, thereby conceding that it does. *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level."). The defamation *per se* claim can thus be dismissed on that basis alone—as well as the arguments in the Motion Dismiss. Dkt. 16 at 12–13.

---

[7] Plaintiff's sole support for his position—*Cianci v. New Times Pub. Co.*—is inapplicable because it is non-binding case discussing the lack of clear recognition of the neutral reportage or common law fair report privileges under Rhode Island law. 639 F.2d 54, 67–70 (2d Cir. 1980). By contrast, Texas recognizes the fair report and fair comment privileges under CPRC § 73.002, common law, and the First Amendment as well as the third-party allegation rule under CPRC § 73.005(b).

### 3. The third-party allegation rule bars Plaintiff's defamation claim.

Likewise, Plaintiff fails to contest that the third-party allegation rules applies, thereby conceding that it does and providing the Court another reason to dismiss the defamation *per se* claim. *Arkansas*, 2020 WL 1249570, at *5.

### 4. The Complaint lacks sufficient allegations of fault.

#### a. Plaintiff is a limited-purpose public figure.

Plaintiff concedes that he is a limited-purpose public figure regarding the controversy over his conviction and post-conviction process and thus must plausibly allege actual malice. Dkt. 23 at 2. Plaintiff tries to escape this burden by arguing that the controversy at issue involves his "substance abuse, sobriety, motive for surrender, or character," but this theory fails because, according to the Complaint, the defamation *per se* claim is based on "statements accusing Plaintiff of criminal conduct," not these ancillary topics. Dkt. 3 at p. 11. In any event, Plaintiff has thrust himself into the public debate about his substance abuse, sobriety, motive, and character by discussing those issues on his website. Dkt. 3-1 at p. 6, 9, 11, 14, 23.

#### b. Plaintiff does not allege plausible facts in the Complaint establishing actual malice.[8]

Plaintiff's allegations in the Response—that the Gray Defendants ignored the trial court docket, asserted facts "unsupported by any record," distorted a source, and refused to retract (Dkt. 23 at 6)—do not show that he sufficiently pleaded that the Gray Defendants published the

---

[8] Courts routinely grant motions to dismiss claims based on lack of plausible allegations of actual malice. *See, e.g., Walker*, 938 F.3d at 745 (affirming dismissal of defamation claim because plaintiff failed to sufficiently plead actual malice); *Frank v. Delta Airlines, Inc.*, No. 00–CV–2772, 2001 WL 910386, at *2 (N.D. Tex. Aug. 3, 2001) (dismissing defamation claim because the plaintiff did not provide factual allegations that the defendant entertained doubts about the truth of its statements); *Immanuel*, 618 F. Supp. 3d at 566 (dismissing defamation claim for failure to plead actual malice with required specificity).

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Statements with subjective knowledge of falsity or with reckless disregard for their truth. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974). Nor does Plaintiff explain how the Gray Defendants ignored court dockets, what facts were unsupported by the record, and what source was distorted. In any event, "[n]either a failure to investigate fully nor an understandable misinterpretation of ambiguous facts constitutes actual malice." *Walker*, 938 F.3d at 744. Moreover, any disagreement about how the Gray Defendants exercised their editorial judgment does not give rise to actual malice. *See HBO v. Harrison*, 983 S.W.2d 31, 42 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (choices to include or exclude certain information "is a protected exercise of editorial control and judgment, not evidence of actual malice"); *Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 258 (1974) ("The choice of material to go into a newspaper . . . and treatment of public issues and public officials—whether fair or unfair—constitute the exercise of editorial control and judgment" protected under the First Amendment).

Further, a retraction request after publication is not evidence of actual malice "at the time of publication." *New York Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964). Additionally, it is settled law that "failure to retract upon [the plaintiff's] demand ... is ... not adequate evidence of malice for constitutional purposes." *Id.* If anything, a decision not to retract "may just as well indicate that the publisher believed and still believes that the falsehood was true." *MMAR Group, Inc. v. Dow Jones & Co., Inc.*, 987 F. Supp. 535, 548 (S.D. Tex. 1997).

       **c.    Plaintiff does not allege plausible facts in the Complaint establishing negligence.**

Plaintiff fails to argue that he plausibly alleges facts showing negligence, thereby conceding that issue. *Arkansas*, 2020 WL 1249570, at *5.

**5.    Plaintiff fails to plausibly allege damages or causation.**

Plaintiff does not respond to the Gray Defendants' argument that the Statements are not

"defamatory *per se*" because he does not present facts showing that the Statements caused him injury "in his office, profession, or occupation." Dkt. 16 at 23. Plaintiff, instead, contends that general damages are "presumed for defamatory statements of fact" and that damages and the libel-proof plaintiff doctrine are rarely resolved at the pleading stage. Dkt. 26 at 8. Neither are true.

A plaintiff "must plead and prove damages." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). Courts often dismiss claims for failing to sufficiently plead damages[9] and because a plaintiff is libel proof.[10] The one case cited by Plaintiff—*Guccione v. Hustler Magazine, Inc.*—supports the conclusion that Plaintiff is libel-proof. 800 F.2d 298 (2d Cir. 1986).[11]

Plaintiff does not contest that he is barred from pursuing punitive or special damages, thereby conceding those issues. *Arkansas*, 2020 WL 1249570, at *5.

**B.      Plaintiff does not address and thus abandons the defamation by implication claim.**

Plaintiff fails to allege any facts in support of his defamation by implication claim (Dkt. 3 at p. 12–17), thereby abandoning the claim all together. *McClelland*, 63 F.4th at 1010.[12] Courts

---

[9] *See Mason v. Integra Peak Mgmt. Inc.*, 821 Fed. Appx. 382, 383 (5th Cir. 2020) (affirming dismissal of defamation claim because the plaintiff had not plausibly alleged damages stemming from the allegedly defamatory statement); *Hill v. Optum*, No. 3:17-CV-0775-D, 2017 WL 2378299, at *4 (N.D. Tex. June 1, 2017) (dismissing defamation *per se* claim because the plaintiff "fails to plead a false statement that is particularly related to her role").

[10] *See Lavergne v. Dateline NBC*, 597 Fed. Appx. 760, 762 (5th Cir. 2015) (affirming dismissal of defamation claim as not actionable as a matter of law because plaintiffs with criminal histories "have such poor reputations that they are unlikely as a matter of law to recover more than nominal damages for an allegedly defamatory publication"); *Cardillo v. Doubleday & Co., Inc.*, 518 F.2d 638, 639–40 (2d Cir.1975) (plaintiff, a habitual criminal, was libel proof as a matter of law as to allegations of criminal activity because his existing reputation based on past criminal conduct could not be worsened by the alleged false statements).

[11] Just as the publisher of *Penthouse* was libel-proof as to accusations of adultery because those around him knew of his conduct, Plaintiff is libel-proof as to accusations of criminal conduct because those around him know he has already engaged in criminal conduct.

[12] *See also Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (affirming dismissal of malicious civil prosecution claim after plaintiff abandoned it by failing to include any argument about it in response to a motion to dismiss).

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

are "strict" about the abandonment principle, even when the plaintiff is *pro se*. *See, e.g.*, *Bedford v. Tex. Dep't of Transp.*, 810 Fed. Appx. 264, 268 (5th Cir. 2020) (affirming dismissal of *pro se* plaintiff's claims when he failed to respond to the defendant's motion on the claim).[13]

The defamation by implication claim can be dismissed on that basis alone—as well as those in the Motion Dismiss. Dkt. 16 at 24–25.

### C. Plaintiff does not address and thus abandons the negligence and IIED claims.

Plaintiff fails to allege any facts in support of his negligence and IIED claims (Dkt. 3 at p. 17–19), thereby abandoning the claims all together. *McClelland*, 63 F.4th at 1010; *Bedford*, 810 Fed. Appx. at 268. The negligence and IIED claims can be dismissed on that basis alone—as well as those in the Motion Dismiss. Dkt. 16 at 25–27.

### IV. CONCLUSION

Plaintiff has abandoned all but one of his claims and fails to show that the Complaint contains plausible factual support for each element of defamation *per se*. The Article's "gist" is substantially true; the fair-report and fair-comment privileges and third-party-allegation rule apply; and Plaintiff fails to plausibly allege actual malice and damages (and he is libel-proof). Because Plaintiff "gives no indication that he did not plead his best case,"[14] the Court should dismiss this case with prejudice under FRCP 12(b)(6).

---

[13] *See also Douglas v. Dorchester Properties Ltd*, No. 22-CV-100, 2023 WL 5156337, at *4 (N.D. Tex. May 17, 2023) (courts are strict about abandoning claims, "even when the plaintiff is *pro se*").

[14] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (a *pro se* plaintiff need not be granted leave to amend when he "gives no indication he did not plead his best case in his complaint").

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Respectfully submitted,

*/s/ Laura Lee Prather*
Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Michael J. Lambert
Texas Bar No. 24128020
michael.lambert@haynesboone.com

**HAYNES AND BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

**ATTORNEYS FOR DEFENDANTS**
**GRAY LOCAL MEDIA, INC. AND**
**SARAH E. CLARK**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of January 2026, a true and correct copy of the above document was served via the CM/ECF system to all parties and by certified mail on Plaintiff:

Potter County Detention Center
Attn: Edward David James III, Inmate #154390
13100 NE 29th Ave.
Amarillo, TX 79111

*/s/ Laura Lee Prather*
Laura Lee Prather

**THE GRAY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**